Our final argument of the morning is in Appeal No. 23-2447, Linda Thompson v. Army and Air Force Exchange Service. Mr. Halicki. Thank you, Your Honor. Good morning. May it please the Court. The District Court erred in dismissing this removed case instead of remanding it because once the District Court found it lacked subject matter jurisdiction, it had no choice but to remand it. 28 U.S.C. Section 1447C expressly and unambiguously requires remand in that circumstance, stating, quote, If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded. The word shall is mandatory, absolute, and deprive the District Court of the power to do otherwise. And this is confirmed by this Court's decision in Collier v. S.P. Plus, which dealt with circumstances materially identical to this case. Just like this case, it was a facta case filed in state court. The defendant removed it and immediately turned around and sought dismissal, arguing that the Court lacked subject matter jurisdiction under Article III for no Article III standing. The District Court granted that relief despite 1447C requiring remand, and this Court reversed. Specifically, this Court found the phrase shall be remanded means what it says, and said that, quote, Section 1447C makes clear that the District Court must remand the case to state court. Is there any problem with forcing the United States to litigate in state court? No. In fact, Congress expressly provided for waiver of sovereign immunity as to claims under the Fair Credit Reporting Act, and expressly provided for concurrent jurisdiction over those claims. And so in a situation like we have here, with Ms. Thompson, thanks to changes in Article III jurisprudence at the Supreme Court level, is now foreclosed from proceeding in federal court, she's still entitled to proceed in state court. Would Ms. Thompson have Article III standing under state court rules? Article III doesn't apply to the state court. Would she have standing? That's fair. Would she have standing under the state court rules? Absolutely. In fact, every single FACTA case to go to an appellate court in the state of Illinois, and we cite three in our brief, where the issue of standing was brought up, all three found that the named plaintiff had standing to proceed in Illinois state court under Illinois state standing law, notwithstanding the fact that they may not be able to proceed under Article III in federal court. So did Congress intend plaintiffs to be able to pursue FACTA claims and FCRA claims in the absence of an alleged injury? Absolutely. The FCRA, or the Fair Credit Reporting Act, and specifically the Fair and Accurate Credit Transactions Act, it doesn't contain any actual harm requirement. Congress did not include that in the statute. And to the contrary, Congress actually wrote the statute to create liability before any harm could possibly occur. And that's because the statute is a preventative measure. It's designed to prevent harm from occurring in the first place, not wait until it happens after the fact, because then it's too late. Then your life is, you know, in trouble and you may never be able to unwind it or fix the problem that's been created as a result of the violation. So absolutely. So what you're saying is send it back to state court under the plain meaning of 1447. Spokio and all of that law that's adverse to plaintiffs on Article III standing has no application in state court. Exactly. And the claim can go forward as, what was this again? Oh, expiration dates of the credit cards on the... Yeah, Fair and Accurate Credit Transactions Act. On the receipts. Last four digits. That's part of it too, I guess. That's one of the requirements, expiration dates for another guard. But yeah, absolutely. Article III standing jurisprudence has no application in state court. That's a ruling by U.S. Supreme Court itself. No question about that. So yeah. And for its part, defendant exchange doesn't show otherwise here. It doesn't address this court's Collier decision in its brief. It doesn't attempt to reconcile the district court's decision to dismiss instead of remand with the actual text of 1447C itself. And so we respectfully submit that 1447C and the Collier decision should dictate the outcome of this appeal. And it makes no difference that the attempted removal here was under 1442A1. 1442A1 doesn't govern what happens after you get to the district court. At that point, once the district court has the case, if at any time it finds it lacks subject matter jurisdiction, 1447C is unambiguous. It must be remanded, not dismissed. Yeah, that's... if you have a wheat card in your hand, it's on the removal argument. On the federal defense requirement, as you say, the colorable federal defense issue needs to be there with respect to an agency like it may need to be with respect to an individual. I don't... I have a hard time seeing that. Well, I understand, Your Honor. What I would submit... two parts to that. Number one is it doesn't matter how that issue turns out because... No, no, no. I know. That's... but I mean, that's part of your brief, too. Yeah. Right? Yes. Absolutely. Yes. It doesn't matter how the issue turns out. Once the case... even if they were allowed to remove under 1442A1, even if... So it's your suggestion that we don't even have to... we don't even have to resolve it? Right. You don't have to reach any of the thorny issues that, you know, to the extent you find them thorny, that the agency doesn't have to have a federal defense. We submit it does under the Hammer case and under Mesa v. California. Is there confusion among the district courts? Is it worth addressing it, given that you've presented it and fully briefed it? I can't say. I know that I would think that there's just... Do you have district courts going different ways? Yes. I understand what you mean, Your Honor. I can't say that I would know that there's confusion about it so much as I would say there's no confusion in this court. And we... in the appellate courts... the one appellate court that squarely addressed the issue was the Maine Association of Independent Neighborhoods case, where it said... it deemed it to be a removal under 1442A1. The district court dismissed instead. And the court said, no, you can't do that. The language of 1447C is unambiguous, remanded, and so forth. I'm sorry, I was talking about the first piece. Are there district courts in the circuit coming out differently on the requirement for a federal defense in order to remove if you're a U.S. or an agency? I can only speak to how the district court ruled here, which is it found that there was... it found that there was no need to have... for an agency to allege a federal defense. We respectfully submit that's incorrect. But more importantly, it doesn't matter for the purpose of this appeal because once the court... once the case gets to the district court, it has to be remanded instead of dismissed. Yeah, there's no... I mean, there's no barrier to us resolving it, right? I just want to stress that once the case gets to the district court at that point, if the court finds it lacks subject matter jurisdiction for any reason, including Article 3, it has to be remanded. The 1447C's text doesn't contain an exception for cases removed under 1442A1. 1442A1 for its part doesn't carve out an exemption in 1447C. No case does either, and so in any circumstance, regardless of how it gets to the federal court, district court, whether 1442A was permitted the agency to get there in this case or not, the case still had to be remanded once the court found it lacked jurisdiction. And unless the court has any other questions at this point, I'll reserve the rest of my time for rebuttal, please. Thank you. Very well. Ms. Mittal. Good morning, Your Honors. I may please the Court. Regent Mittal for the federal government. Congress enacted 28 U.S.C. 1442A1 to secure the United States government's right to a federal forum. Section 1442 provides that the United States or any federal agency can always remove an action filed against it in state court to federal court. It is precisely what the federal government did here, and removal was proper. Then given plaintiff's concession that she was not injured and that she lacks Article 3 standing to proceed in federal court, the district court did, as it would in any other court case properly filed in federal court, it dismissed the action. Section 1442A1 gave the district court the authority to do so, and this court should affirm. 1447C does not require a different result because the case was properly removed pursuant to Section 1442A1. How did you get there? Because 1447C doesn't reference 1442. No, 1447C is part of the collection of removal and remand statutes that Congress enacted. It references its title procedure after removal. It references in its other subsections 1441, 1442. So how do you carve out 1442 given that? You don't carve out 1442. We understand 1447C in the context of those other statutes. Subject matter jurisdiction in 1447C is talking, and one way of understanding it is it's talking about statutory subject matter jurisdiction. So you take a case removed not under 1442. My colleague referenced a case removed under 1441 where there was federal question removal. In that case, let's say there's no federal question or there's no requisite diversity. That would be a case in which there's an absence of statutory subject matter jurisdiction in the federal court upon remand. That case was not properly removed. Are you saying that a lack of standing is not subject matter jurisdiction? Lack of standing is one kind of subject matter jurisdiction, but it's a constitutional defect, and that's not what 1447C was written to address. And what are you relying on for that argument? I don't see anything in here that differentiates constitutional subject matter jurisdiction versus statutory subject matter jurisdiction. The text just says subject matter jurisdiction. I recognize that point, Your Honor, but we read that text against the backdrop of case law and a couple of other points, so I'll walk through them. So on case law, as we describe in our brief, this court and every court really understands that when the federal government removes pursuant to 1442, it's not every situation in which there's no subject matter jurisdiction in which there's a remand. So sovereign immunity is an example we talk about in our briefs. If the federal government removes pursuant to 1442 and brings the case to federal court and there's sovereign immunity, that's a situation in which there's no subject matter jurisdiction, and federal courts across the country always dismiss rather than remand. And so we know 1447C when it says subject matter jurisdiction. But if there's sovereign immunity, they couldn't bring the claim at state court, whereas here, the Supreme Court has specifically said there's no sovereign immunity. Well, it's one kind of jurisdictional defect or a threshold problem, and in that case, I'm using that set of cases to explain, is that it is not the case that that language in 1447C covers all possible jurisdictional defects. So is it your argument if a case were removed under 1441 and there was an Article III standing, that it should be dismissed rather than remanded? Well, we know that in at least some cases, when a case is removed under 1441 and there's no Article III standing, that case wasn't properly brought to federal court in the first place, so remand might be appropriate. That's what Collier tells us. But that's because 1441 says that a defendant can only remove a case to federal court under 1441 if that case could have been brought in federal court in the first instance. And Collier says that it cites 1441 and 1441 cases. But 1442 doesn't operate that way, and the federal government removes under 1442, which provides this absolute right of removal. And that's what these cases that we referenced in our brief, Silverblatt, which has been affirmed in the Second Circuit even after amendments in a case called Orange County Water District, say. All these cases say 1442A1 provides both a procedural mechanism for removal as well as subject matter jurisdiction. Now, what kind of subject matter jurisdiction are we talking about there when we're talking about 1442A1? What we're talking about is that 1442A1 gives the district court the authority to decide whether that case will proceed if there are no jurisdictional or threshold problems, or whether that case is properly dismissed as it would be if it had been filed in federal court in the first instance. And that's consistent with the history of 1442, the statutory history. So Congress wrote 1442, and it's amended it over time. And we explain in our brief that Congress expressly provided for removal for the United States and federal agencies in the wake of a Supreme Court decision that said the United States and federal agencies could not remove under an earlier version of the statute. In the International Primate Protection League in 1996, Congress read an earlier version of 1442 that did not have the language of the United States and its agencies in the statute. How would, if your argument is correct, how do you square 1447D, which clearly anticipates remand under 1442? 1447D just anticipates review in federal court of any orders to remand under 1447C. It, in fact, suggests Congress contemplated that if there were an appropriate… But D says any order remanding to the state court from which it was reviewed is not reviewable unless it was removed pursuant to 1442, which suggests that 1442 allows for remand. Two responses, Your Honor. So 1447D has that language, but it's referencing 1442 as a whole. And 1442A1 allows for removals not just by the United States and its agencies, but also federal officers acting under color of federal law. And as you know, there's a substantial body of case law about federal officer removal, also about acting under removal where individual defendants removed saying they were acting under federal law. If those requirements aren't met, let's say someone removes under 1442A1 and they're not a federal agency, they're not a federal officer, they're not a defendant acting under a federal officer, that may be a situation in which they improperly invoked 1442A1 removal. They cannot avail themselves of the benefits of 1442A1. There isn't statutory subject matter jurisdiction under 1442A1. That's not the situation in which Congress secured an absolute right of removal. So 1447D may kick in. By contrast, in a case like this one where a federal agency is the named defendant, there's no dispute that named defendant properly availed itself of the guarantee of the federal forum that Congress provided in 1996, 1447D operates as a protection, a further protection for the federal government in case there is a remand that's improper. Because what is proper when a federal agency or the United States removes pursuant to 1442A1 is for the district court to now decide, can this case proceed in federal court, or are there jurisdictional or threshold defects that would require dismissal just as if the case had been properly filed in federal court in the first instance. Any contrary reading of the statute should mean that... What it does is it tells the federal court and it tells plaintiffs that Congress provided this protection in federal court, and that protection of federal court comes with the limitations and the features of federal court jurisdiction. How do you square that with, in a world where the U.S. Supreme Court's decision incurs the sovereign immunity, the decision there on their sovereign immunity, it applies in state court as well as it does in federal court, right? There's been a waiver of sovereign immunity in the underlying statute. The Supreme Court held that there's a waiver of sovereign immunity. It didn't discuss the extent of that waiver, and the government has... Why would it turn upon the underlying forum in which a right is sought to be vindicated? It may or may not. I mean, I'm not authorized. I haven't taken a position on which forum it takes, and we're not asserting that there wouldn't be sovereign immunity. Right. So in a world where you have CURTS and you have the Fair Credit Reporting Act establishing concurrent jurisdiction, your position on the absolute right to be in federal court and then to immediately move for a dismissal for lack of subject matter jurisdiction on the basis of Article III standing is tantamount to effectively conferring immunity upon the government that way. That's not quite what we're saying, Your Honor. I mean, what we're doing is we're explaining how 1442 and 1447C operate, and they're written, regardless of the substantive statutes that are invoked, that there's a waiver of sovereign immunity in this one. It just seems odd. When we talk about the U.S. Congress, the Congress has enacted all these statutes. It seems very odd that Congress would confer concurrent jurisdiction on federal and state courts, waive sovereign immunity, but then confer an absolute right on the government to litigate in federal court and to preclude remand to state court. That's an odd outcome. Your Honor, this is an odd outcome probably just because—I see my time's expiring. Yeah, go ahead. You can go ahead. Probably just because of the unique combination of statutes that you have before you. You have the Fair Credit Reporting Act, which is just construed to be more— Right, but you construe them all together, right? And you try to discern overall Congress's intent based upon the intersection of them all. That's right, Your Honor, but in construing that intent, we're thinking about 1442 and 1447C as they apply to a range of statutes, any substantive statute invoked against the government. And on plaintiffs' reading of these statutes, what we'd be saying is that Congress both conferred this absolute right of removal on the federal government, something the Supreme Court said in many penny in a number of cases afterward, but then said that—but then intended or contemplated that in cases where plaintiffs have no injury, also pursuant to a Supreme Court precedent about what constitutes concrete and cognizable injury under Article III, those cases can go back to state court and proceed even though Congress has conferred this absolute right of removal. That is also an odd and frankly sort of unreasonable way to view the statute. But Congress has waived sovereign immunity. Congress may have waived sovereign immunity in this substantive statute, but we're construing 1442 and 1447C, which apply to all sorts of statutes. And in those provisions, we have guidance from the Supreme Court and guidance from other courts of appeals that have construed 1442 and 1447C as understanding that 1442 provides this absolute right, and it would be undermined if cases in which there's no standing were the ones that were allowed to proceed in state court, even though Congress guaranteed this right of removal to the federal government. Okay, very well. We understand your position. Thank you. Mr. Helicki? A few points. First of all, counsel said we concede that our client wasn't injured. That's not true. We do not concede that at all. She was injured in a number of ways. We recognize that the injuries she suffered may not qualify as an injury, in fact, under Article III, which is under Transunion and Meyer, and so we understand that. But to suggest that we concede that she wasn't injured, that's not true. That's not correct. Context, 1447C, it is in the same section with the removal statutes, and that's just it. Despite being there, despite being tied to the various ways in which the case can be removed, it expressly provides for one outcome when, as here, the district court finds it lacks subject matter jurisdiction over one of those removed cases, and that is remand. That's the only outcome it allows, that Congress allowed. And as Judge St. Eve pointed out, Section 1447D helps show that there's no implicit carve-out for 1442A1 because it recognizes that in removals under 1442D there are going to be remands. Counsel pointed out that if there's an absolute right to remove, that's not correct either. That flies in the face of Collier. As Collier points out, one of the conditions for removal is not simply meeting the statutory requirements for removal under 1442A. You also have to satisfy Article III in all cases. Congress cannot legislate around Article III, even if it wants to. So just as in Collier, this case was improvidently removed, even if the court were to find that the requirements of 1442A1 were satisfied because the removing party concedes that there's no Article III jurisdiction here, which is itself a condition of removal implicitly in federal court. Finally, as Your Honor pointed out or suggested, to allow the federal government to remove and then seek a dismissal of a claim where Congress has expressly provided a right of relief against the federal government by waiving sovereign immunity and provide a concurrent jurisdiction in state court effectively undoes Kurtz and undoes the concurrent jurisdiction statute, which is contrary to law. Ms. Thompson deserves her day in court. She should have her case addressed on its merits, and so we respectfully request that this court reverse the dismissal and send the case back to the state court with instructions to remand it back to the state court. Thank you very much. Okay, very well. With thanks to both counsel, we'll take the appeal under advisement, and that concludes the day's arguments. Court will be in recess.